UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

LA DOLCE VITA FINE DINING COMPANY
LIMITED and LA DOLCE VITA FINE DINING
GROUP HOLDINGS LIMITED,

                              Civil Action No. 21-3178

                         Petitioners,

              - against -

                              [PROPOSED] JUDGMENT

ZHANG LAN, GRAND LAN HOLDINGS GROUP
(BVI) LIMITED, QIAO JIANG LAN
DEVELOPMENT LIMITED f/k/a SOUTH BEAUTY
DEVELOPMENT LIMITED and APEX LEAD
INVESTMENT HOLDINGS LIMITED,

                         Respondents.
_____

        WHEREAS, on November 18, 2019, Petitioners La Dolce Vita Fine Dining Company

Limited ("LDV Company") and La Dolce Vita Fine Dining Group Holdings Limited ("LDV

Holdings") (collectively, "Petitioners") filed a petition in a related attachment proceeding before

this Court, entitled *La Dolce Vita Fine Dining Company et al. v. Zhang Lan et al.*, 19 Misc. 536

(ALC) (the "Christie's Attachment Proceeding" or "*Christie's*"), under New York CPLR

§ 7502(c) and applicable provisions of Article 62, as incorporated in Fed. R. Civ. P. 64 (the

"Original Petition," *Christie's* ECF No. 9), for an *ex parte* order of attachment as against

respondents Zhang Lan ("Zhang"), Grand Lan Holdings Group (BVI) Limited ("Grand Lan

Holdings") and Qiao Jiang Lan Development Limited f/k/a South Beauty Development Limited

("Qiao Jiang Lan") (collectively, the "Original Respondents") and in aid of two related

arbitrations then pending before the China International Economic and Trade Arbitration

Commission in Beijing entitled, respectively, *La Dolce Vita Fine Dining Company Limited v.*

*Zhang Lan, Grand Lan Holdings Group (BVI) Limited and Qiao Jiang Lan Development Limited*

*f/k/a South Beauty Development Limited*, Case No. S20150473, and *La Dolce Vita Fine Dining Group Holdings Limited v. Zhang Lan and Grand Lan Holdings Group (BVI) Limited*, Case No. S20150474 (the "Arbitrations"); and

WHEREAS, in the Arbitrations, the arbitral panel, on April 28, 2019, issued two separate but related awards in Petitioners' favor awarding (i) on the first Award, $92,029,457.28 in compensatory damages, plus interest as of April 28, 2019, in favor of LDV Company and against Zhang, Grand Lan Holdings and Qiao Jiang Lan; and (ii) on the second Award, $50,434,209 in compensatory damages, plus interest as of April 28, 2019, in favor of LDV Holdings and against Zhang and Grand Lan Holdings, for a combined principal amount of $142,463,666.28 (the "Arbitral Awards" or the "Awards");

WHEREAS, on July 8, 2019, the Original Respondents appealed the Arbitral Awards by filing two applications to set aside the Awards with the Second China International Commercial Court ("CICC") in Beijing; and

WHEREAS, the property that Petitioners sought to attach in the Original Petition consists of two artworks held at Christie's New York ("Christie's") – Andy Warhol's "Little Electric Chair" (1965) and Martin Kippenberger's untitled self-portrait (1988) (collectively, the "Artworks"); and

WHEREAS, on November 21, 2019, the Court entered an *ex parte* Order of Attachment (*Christie's* ECF No. 20), the "Attachment Order") restraining the Artworks and barring them from being sold or transferred from Christie's without further order of the Court; and

WHEREAS, Petitioners filed an amended petition dated December 31, 2020 (*Christie's* ECF No. 74) adding Respondent Apex Lead Investment Holdings Limited ("Apex") as an intervenor-respondent; and

WHEREAS, by separate but substantively identical decisions dated, respectively, December 29 and December 31, 2020 and issued in early February 2021, the CICC affirmed the Arbitral Awards on appeal, dismissing the Original Respondents' application to set aside the Awards; and

WHEREAS, the CICC's decisions upholding the Arbitral Awards are final and not subject to appeal, thereby rendering the Arbitral Awards final and ripe for confirmation; and

WHEREAS, by Order dated April 7, 2021 in *Christie's* (ECF No. 81), the Court directed Petitioners to commence a new civil action to seek the relief they sought by motion filed in the Christie's Attachment Proceeding on April 5, 2021; and

WHEREAS, Petitioners have commenced this new civil action by petition (the "Petition") seeking (i) to confirm the Arbitral Awards under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), recognized in the Federal Arbitration Act at 9 U.S.C. §§ 201-208, and (ii) for the entry of a judgment in favor of Petitioners and against Zhang in the amount of $120 million; and

WHEREAS, the Court has subject matter jurisdiction under the Federal Arbitration Act and personal jurisdiction over Zhang under New York CPLR § 302(a) to confirm the Arbitral Awards and enter a judgment thereon;

WHEREAS, on _____ __, 2021, this Court issued an Opinion and Order granting the Petition and confirming the Arbitral Awards (the "Opinion and Order");

NOW, for the reasons set forth in the Opinion and Order, the Court hereby enters JUDGMENT in the amount of $120 million in Petitioners' favor and against Zhang.

IT IS HEREBY FURTHER ORDERED AND ADJUDGED that this Court shall retain jurisdiction over this action (i) to enforce the terms of this Judgment, (ii) to resolve all disputes,

if any, that arise from or relate to this Judgment and the Opinion and Order, and (iii) to decide any motion that Petitioners may make in this action for the turnover of the Artworks.

There being no just reason for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Judgment forthwith and without further notice.

SO ORDERED AND ADJUDGED                            Dated: _____ __, 2021

_____
Hon. Andrew L. Carter, Jr.
United States District Judge